IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHATRAILA JACKSON and DANIELA THOMAS, <br><br> Plaintiffs, <br><br> vs. <br><br> LANDMARK DINER, INC., <br><br> Defendant. | : <br> : <br> : **Civil Action Number:** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT

Plaintiffs Shatraila Jackson ("Plaintiff Jackson") and Daniela Thomas ("Plaintiff Thomas"), by and through undersigned counsel and pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.,* (hereafter "the FLSA"), bring this Complaint against Defendant Landmark Diner, Inc. (hereafter "Landmark") to recover due but unpaid minimum wage compensation and liquidated damages, pre-judgment interest, their costs of litigation including their reasonable attorneys' fees, and for other relief on the grounds set forth herein and show the Court as follows:

### JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C. §§

1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

2.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 (b)(2) because Landmark is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

3.

Plaintiff Jackson resides in Fulton County, Georgia.

4.

Landmark employed Plaintiff Jackson as a server at its restaurant located at 60 Luckie Street, Atlanta, Georgia from January 26, 2013 until September 16, 2013.

5.

At all times material hereto, Plaintiff Jackson was an "employee" of Landmark as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

6.

From on or about January 26, 2013 until September 16, 2013, Plaintiff Jackson was "engaged in commerce" as an employee of Landmark as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) .

7.

At all times material hereto, Landmark was an "employer" of Plaintiff Jackson as defined in FLSA § 3(d), 29 U.S.C. §203(d).

8.

Plaintiff Thomas resides in Fulton County, Georgia.

9.

Landmark employed Plaintiff Thomas as a server at its restaurant located at 60 Luckie Street, Atlanta, Georgia from December 2010 through the present date.

10.

At all times material hereto, Plaintiff Thomas has been an "employee" of "Landmark" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

11.

From on or about December 2010 through the present date, Plaintiff Thomas has been "engaged in commerce" as an employee of Landmark as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

12.

At all times material hereto, Landmark has been an "employer" of Plaintiff Thomas as defined in FLSA § 3(d), 29 U.S.C. §203(d).

13.

Landmark is a corporation organized under the laws of the State of Georgia.

14.

During 2010, Landmark has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

15.

During 2011, Landmark has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

16.

During 2012, Landmark has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

17.

During 2013, Landmark has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

18.

During 2010, Landmark had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During 2011, Landmark had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2012, Landmark had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During 2013, Landmark had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

During 2010, Landmark had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2011, Landmark had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2012, Landmark had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2013, Landmark had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2010, Landmark had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2011, Landmark had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2012, Landmark had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

During 2013, Landmark had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

At all times material hereto, Landmark has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

31.

Landmark is subject to the personal jurisdiction of this Court.

32.

Landmark may be served with process through its registered agent Carolyn Lambrou, 3652 Roswell Road, NE, Atlanta, Georgia 30305.

33.

At all times material hereto, Plaintiff Jackson was not exempt from the protections of the minimum wage requirements of the FLSA by reason of any exemption in the FLSA.

34.

At all times material hereto, Plaintiff Thomas was not exempt from the protections of the minimum wage requirements of the FLSA by reason of any exemption in the FLSA.

**COUNT I - FAILURE TO PAY MINIMUM WAGE TO PLAINTIFF JACKSON**

35.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

36.

At all times material hereto, Plaintiff Jackson was an employee covered by the FLSA and entitled to the protections of the minimum wage requirements set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

37.

Defendant failed to inform Plaintiff Jackson of the provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

38.

At all times material hereto, Defendant failed to pay Plaintiff Jackson at or above an hourly rate that is equal to the FLSA minimum wage, as adjusted by the FLSA tip credit.

39.

From on or about January 26, 2013 through September 16, 2013, Defendant failed to compensate Plaintiff Jackson at or above an hourly rate that is equal to the FLSA minimum wage, as adjusted by the FLSA tip credit.

40.

.       From on or about January 26, 2013 through September 16, 2013, Defendant willfully failed to compensate Plaintiff Jackson at or above an hourly rate that is equal to the FLSA minimum wage, as adjusted by the FLSA tip credit.

41.

Plaintiff Jackson is entitled to payment of the FLSA minimum wages without adjustment by the FLSA tip credit in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

42.

As a result of the willful underpayment of minimum wages as alleged above, Plaintiff Jackson is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

43.

As a result of the underpayment of minimum wages, Defendant is liable to Plaintiff Jackson for her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT II - FAILURE TO PAY MINIMUM WAGE TO PLAINTIFF THOMAS**

44.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

45.

At all times material hereto, Plaintiff Thomas was an employee covered by the FLSA and entitled to the protections of minimum wage requirements set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

46.

Defendant failed to inform Plaintiff Thomas of the provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

47.

At all times material hereto, Defendant failed to pay Plaintiff Thomas at or above an hourly rate that is equal to the FLSA minimum wage, as adjusted by the FLSA tip credit

48.

From on or about December 2010 through the present date, Defendant failed to compensate Plaintiff Thomas at or above an hourly rate that is equal to the FLSA minimum wage, as adjusted by the FLSA tip credit.

49.

From on or about December 2010 through the present date, Defendant willfully failed to compensate Plaintiff Thomas at or above an hourly rate that is equal to the FLSA minimum wage, as adjusted by the FLSA tip credit.

50.

Plaintiff Thomas is entitled to payment of minimum wages, without adjustment by the FLSA tip credit, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

51.

As a result of the underpayment of minimum wages as alleged above, Plaintiff Thomas is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

52.

As a result of the underpayment of minimum wages, Defendant is liable to Plaintiff Thomas for her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs request that this Court:

(a)   Issue a judgment finding that Defendant violated the FLSA by failing to pay Plaintiffs at or above the FLSA minimum wage;

(b)   Award Plaintiffs backpay for unpaid minimum wages, plus additional like amounts as liquidated damages for each week in the three years preceding the filing of this action in which Plaintiffs were not compensated at or above the minimum wage;

(c)   Award Plaintiffs prejudgment interest on all amounts owed;

(d)   Award Plaintiffs reimbursement for their costs of litigation, including their reasonable attorneys' fees; and

(e)   Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC**

*s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

*s/ Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No.080791

3100 Centennial Tower                              **COUNSEL FOR PLAINTIFFS**
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com