1 ## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

2      This Settlement Agreement and Release of Claims (hereafter the
3 "Agreement") is entered into by and between the following Parties: *Shatraila*
4 *Jackson, Daniela Thomas* and *Brenda Mathis*, (**PLAINTIFFS**), and *Nickolas*
5 *Diner, Inc.*, (**DEFENDANT**) (collectively the "Parties"):

6

7      WHEREAS, **PLAINTIFFS** and **DEFENDANT** are parties to a civil action
8 pending in the United States District Court for the Northern District of Georgia,
9 Atlanta Division, styled *Shatraila Jackson, Daniela Thomas and Brenda Mathis,*
10 *Plaintiffs, v. Nikolas Diner, Inc. Defendant,* Civil Action No. 1:13-cv-03555-WSD
11 (hereinafter referred to as the "Litigation"), which action arises out of or relates to
12 the employment of or work performed by the **PLAINTIFFS**;

13

14      WHEREAS ON October 15, 2013, *Shatraila Jackson* filed a Charge of
15 Discrimination with the Equal Employment Opportunity Commission which was
16 assigned Charge No. 410-2014-00102.

17

18      WHEREAS ON October 15, 2013, *Daniela Thomas* filed a Charge of
19 Discrimination with the Equal Employment Opportunity Commission which was
20 assigned Charge No. 410-2014-00412.

21

22      WHEREAS, pursuant to the Litigation, **PLAINTIFFS** claim that the
23 **DEFENDANT** intentionally and willfully failed to pay them the required
24 compensation under the Fair Labor Standards Act ("FLSA") and **DEFENDANT**
25 denies these allegations;

26

27      WHEREAS, **PLAINTIFFS** and **DEFENDANT** desire to enter into an
28 agreement resolving and settling all claims, allegations and causes of action
29 asserted or which could have been asserted by **PLAINTIFFS** in the Litigation that
30 arise out of or relate to compensation for any work performed by **PLAINTIFFS**
31 for **DEFENDANT**;

32

33      WHEREAS, **PLAINTIFFS** warrant and represent that they have not
34 assigned any of the claims against **DEFENDANT** that are released in this
35 Agreement to any other person or entity and that no attorneys other than Charles R.
36 Bridgers and Kevin D. Fitzpatrick, Jr. of DeLong Caldwell Bridgers & Fitzpatrick,
37 LLC have a claim for attorneys' fees and/or costs arising from **PLAINTIFFS'**

1 claims released in this Agreement; and
2
3    WHEREAS, this Agreement constitutes a good faith settlement of all of
4 **PLAINTIFFS'** disputed claims and allegations that were asserted or could have
5 been asserted by **PLAINTIFFS** in the Litigation arising out of or relating to
6 compensation for any work performed by **PLAINTIFFS** for **DEFENDANT**, and
7 shall not be deemed in any manner an admission, finding, or indication, for any
8 purposes whatsoever, that the **DEFENDANT**, or any of its officers, employees,
9 and/or other agents acted contrary to law or violated the rights of **PLAINTIFFS** or
10 any other person at any time.
11
12    **NOW, THEREFORE**, in consideration of the mutual covenants and
13 promises set forth herein, and for other good and valuable consideration, the
14 receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree
15 as follows:
16
17    1.    **Consideration.**  In consideration of this Agreement and other good
18 and sufficient consideration, including **PLAINTIFFS'** agreement to dismiss with
19 prejudice the Litigation, **DEFENDANT** agrees to pay a total sum of ▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, allocated as follows:
21
22    a.    The sum of ▮▮▮▮▮▮▮▮▮▮▮▮
23 ▮▮▮▮▮▮▮▮▮▮ to *Brenda Mathis;*
24
25    b.    The sum of ▮▮▮▮▮▮▮▮▮▮
26 ▮▮▮▮▮▮ to *Daniela Thomas;*
27
28    c.    The sum of ▮▮▮▮▮▮▮▮▮▮▮
29 ▮▮▮▮▮ to *Shatraila Jackson;*
30
31    d.    The sum of ▮▮▮▮▮▮▮▮▮▮▮▮
32 ▮▮▮▮▮▮▮▮▮ to *Kevin D. Fitzpatrick, Jr.*
33 (**PLAINTIFFS'** counsel) for attorneys' fees and costs,
34
35
36
37

2.   **Installment Payments.**  Payment shall be made as follows:

a.   One Check in the amount of ████████████████
█████████████ made payable to Kevin D. Fitzpatrick, Jr., IOLTA,
and delivered to **PLAINTIFFS'** counsel within ten (10) days of Court
approval of the Agreement.  Upon receipt, **PLAINTIFFS'** counsel
shall apportion such amount on a pro rata basis between
**PLAINTIFFS** and **PLAINTIFFS'** counsel.

b.   The remaining balance paid with checks in the amount ████████
████████████████████████ made payable to
Kevin D. Fitzpatrick, Jr., IOLTA, and delivered to **PLAINTIFFS'**
counsel on or before the fifteenth day of each of ████████
consecutive months beginning with the first month that begins more
than thirty days after the date of Court approval of the Agreement.
Upon receipt of each monthly installment, **PLAINTIFFS'** counsel
shall apportion the funds received on a pro rata basis between
**PLAINTIFFS** and **PLAINTIFFS'** counsel.

3.   **Remedies in the Event of Breach.**  In the event of a breach of any of
the terms of the Agreement by **PLAINTIFFS**, or **DEFENDANT,** the prevailing
party shall be entitled to all remedies or damages at law, and in addition thereto,
shall be entitled to recover all costs and expenses, including reasonable attorneys'
fees, incurred in enforcing any rights hereunder.  In the event of a breach by
**DEFENDANT** that is not cured after twenty (20) notice to **DEFENDANT'S**
counsel, the entire outstanding principal balance shall immediately become due
and payable.  Interest shall accrue on the outstanding balance at the statutory rate.

4.   **Taxes.**  Each **PLAINTIFF** agrees to pay all taxes, if any, which may
be deemed owing on the payments under this section, except for **DEFENDANT'S**
portion of FICA and other employer portion tax contributions associated with the
payment designated as unpaid wages.  Each **PLAINTIFF** further agrees that she
will indemnify and hold **DEFENDANT** and its related and affiliated entities
harmless from and against any taxes, penalties and/or interest that might arise from
any challenge by the Internal Revenue Service or similar state agency to her tax
treatment of any amounts paid to her, except for any challenge associated with
**DEFENDANT'S** responsibility for the employer portion of FICA and other
employer portion tax contributions associated with the payment designated as

- 3 -

1   unpaid wages.
2
3       5.   **Warranty**. **PLAINTIFFS** represent and warrant that Charles R.
4   Bridgers and Kevin D. Fitzpatrick, Jr. and the firm of DeLong Caldwell Bridgers &
5   Fitzpatrick, LLC are and have been the sole attorneys for them with respect to the
6   Litigation and all claims set forth therein; that no other attorney or law firm has
7   any claim for legal fees, costs, and/or expenses relating to the Litigation; and that
8   all legal fees, costs, and/or expenses for which **DEFENDANT** could be liable in
9   connection with the Litigation are discharged.
10
11      6.   **Release & Waiver of All Claims**. **PLAINTIFFS**, for themselves,
12  their attorneys, agents, assigns, heirs, executors, administrators and successors,
13  hereby fully, finally and forever release and discharge **DEFENDANT** and all of its
14  present or former attorneys, officers, officials, employees, assigns, principals
15  and/or agents from any and all claims, demands, actions, causes of action, suits,
16  damages, losses, costs, expenses and attorneys' fees of any kind and every
17  character whatsoever, whether known or unknown, which she has or may have
18  against them growing out of or arising from or pertaining to (a) any transaction,
19  dealing, conduct, act or omission by and between **PLAINTIFFS** and
20  **DEFENDANT** or (b) any other matters or things occurring or existing at any time
21  prior to the execution of the Agreement, and/or (c) growing out of, arising from or
22  in any way connected with or related to their employment with **DEFENDANT**,
23  including but not limited to, the Litigation, and the matters which were alleged or
24  could have been alleged in the Litigation. **PLAINTIFFS** represents that they are
25  unaware of any other claim, demand, action, cause of action or suit for damages,
26  losses, costs, expenses or attorneys' fees, which they have or may have against
27  **DEFENDANT** at this time, whether or not related to their employment.
28  **PLAINTIFFS** further agree and acknowledge that **DEFENDANT** is relying upon
29  this representation in entering into this Agreement.  Furthermore, and without in
30  any way limiting the foregoing, the claims waived and released by **PLAINTIFFS**
31  include any possible or alleged claims under the Americans with Disabilities Act,
32  the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income
33  Security Act, the Family and Medical Leave Act, the Age Discrimination in
34  Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil
35  Rights Act of 1964, the Civil Rights Act of 1991, the National Labor Relations Act,
36  the False Claims Act, and all amendments to the foregoing, and any and all
37  possible claims under federal laws and/or the laws of the State of Georgia and any
38  other state, including any possible claims arising under any municipal/local laws

1   and ordinances, any and all possible claims under common law, and any and all
2   claims for back pay, benefits, interest, front pay, lost retirement benefits,
3   compensatory damages, punitive damages, liquidated damages, attorneys' fees,
4   costs, and declaratory relief.  Nothing in this Agreement is intended to waive or
5   release any claim that may arise after this Agreement is executed.
6
7       7.    **Court Approval**.   All Parties agree that, upon execution of this
8   Agreement, they shall file a joint motion for approval of the settlement to the
9   United States District Judge before whom this Litigation is pending for the
10  purposes of obtaining court approval in accordance with the Fair Labor Standards
11  Act, 29 U.S.C. § 201 et seq.  All Parties agree that they will set the joint motion for
12  hearing as soon as possible, if necessary.  If the District Court does not approve
13  this Agreement, it shall be void ab initio.
14
15      8.    **Dismissal of Action.**
16
17  a.   Upon judicial approval of the Agreement and **PLAINTIFFS'** receipt
18       of the payments required under Paragraph 2.b., the Parties, through
19       counsel of record, agree to fully execute and file the Stipulation of
20       Dismissal with Prejudice attached hereto as Exhibit 1, with the court
21       within two (2) business days.
22
23  b.   Each **PLAINTIFF** represents that as of the date such **PLAINTIFF**
24       signs this Agreement, she has not filed or initiated, or caused to be
25       filed or initiated, any complaint, claim, action or lawsuit of any kind
26       against any of the Released Parties in any federal, state or local court
27       or agency other than the Litigation.  Each **PLAINTIFF** agrees not to
28       initiate or file, or cause to be initiated or filed, any action, lawsuit,
29       complaint or proceeding asserting any of the claims released by this
30       Agreement against any of the Released Parties.  Each **PLAINTIFF**
31       further agrees not to be a member of any class or collective action in
32       any court or in any arbitration proceeding seeking relief against the
33       Released Parties based on claims released by this Agreement, and that
34       even if a court or arbitrator rules that such **PLAINTIFF** may not
35       waive a claim released by this Agreement, such **PLAINTIFF** will not
36       accept any money damages or other relief.  Each **PLAINTIFF** agrees
37       to promptly reimburse **DEFENDANT** for any legal fees that
38       **DEFENDANT** incurs as a result of any breach of this paragraph by

- 5 -

1       Plaintiff.

2

3       c.     Upon receipt of the payment forth in Paragraph 2.a. above, ***Shatraila***
4                ***Jackson*** will withdraw Charge 410-2014-00102.

5

6       d.     Upon receipt of the payment forth in Paragraph 2.a. above, ***Daniela***
7                ***Thomas*** will withdraw Charge 410-2014-00412.

8

9       **9.**    **Confidentiality**.  The Parties agree that all matters relating to the
10  settlement between the Parties set forth in this Settlement Agreement are strictly
11  confidential.  Without limiting the generality of the preceding sentence, the Parties
12  agree (a) to use their best efforts to prevent disclosure of the terms of the
13  Agreement; (b) to avoid direct or indirect references, whether by actions or words,
14  to the terms of the Agreement; (c) not to initiate discussions, correspondence, or
15  other communications, including by electronic means, regarding the terms of the
16  Agreement; (d) to confine any remarks relating directly or indirectly to the terms of
17  the Agreement to a statement to the effect that "the matters have been resolved to
18  the mutual satisfaction of all interested parties;" and (e) not to show the Agreement
19  to or discuss its contents with any individual, organization or entity of any kind
20  other than the Parties' attorneys, current spouses, accountants, tax advisers and
21  preparers, the Internal Revenue Service, the relevant State Department of Revenue,
22  or such other individuals or entities as the Parties may otherwise be required by
23  law to make such a disclosure.  The Parties understand and acknowledge that the
24  foregoing is a material term of the settlement embodied in the Agreement between
25  the Parties.

26

27      **10.**   **Non-Disparagement.**  Except as otherwise required by law, a Party
28  shall not make any statement, written or verbal, to any person or entity, including
29  any form of media, or take any action, in disparagement of any of the Parties
30  including, but not limited to negative references to a Party's services, policy,
31  partners, managers, members, employees, or take any action that might disparage a
32  Party to the general public or to a Party's employer, potential employer, employee,
33  client, supplier and/or business partners.

34

35      11.   **Execution.**  This Agreement shall become effective upon its approval
36  by the court.   The Parties may execute this Agreement in counterparts, and
37  execution in counterparts shall have the same force and effect as if the Parties had
38  signed the same instrument. Execution delivered by facsimile or electronic mail to

1  the Parties' counsel of record shall be deemed effective as if executed in original.
2
3

4      12.   **Entire Release.**   Each **PLAINTIFF** affirms that the only
5  consideration for her decision to execute and her execution of the Agreement are
6  the terms stated herein and that there are no other promises or arrangements of any
7  kind which have caused her to execute the Agreement; that she has been advised to
8  and has consulted with her attorneys regarding the terms, conditions and the final
9  and binding effect of this Agreement; and she understands the meaning of the
10  Agreement and its final and binding effect.
11
12      13.   **Severability.**   Each provision of this Agreement shall be considered
13  separable, distinct and severable from the other and remaining provisions, and any
14  breach, invalidity or unenforceability of any provision shall not impair the
15  operation, validity or enforceability of those provisions that are valid and, to the
16  extent allowed by law, such invalid or otherwise unenforceable provision may be
17  modified by a court of competent jurisdiction so as to render it enforceable.
18  Notwithstanding the foregoing sentence, if Paragraphs 1. or 2. are found to be
19  invalid by a court of competent jurisdiction, the entire Agreement is invalid.
20
21      14.   **Amendments.**   Any modification or change to this Agreement must
22  be made in writing and signed by all Parties.
23
24      15.   **Construction.**   The language contained in this Agreement shall be
25  deemed to be approved jointly by the Parties, and no rule of strict construction
26  shall be applied against any Party hereto.   No provision of this Agreement is
27  inferred or shall be interpreted or applied so as to preclude any Party to this
28  Agreement from complying with any federal, state, or local law, rule, or regulation.
29
30      16.   **Governing Law.**   This Agreement is executed in the State of Georgia
31  and all terms of this Agreement shall be governed and construed pursuant to the
32  laws of the State of Georgia.
33
34      Each Party further warrants and represents as follows: **I HAVE**
35  **CAREFULLY READ AND FULLY UNDERSTAND THE PROVISIONS OF**
36  **THIS AGREEMENT INCLUDING PLAINTIFFS' WAIVER OF CLAIMS**
37  **AGAINST NIKOLAS DINER, INC., AND THE RELEASEES.   I HAVE**

- 7 -

1  **ENTERED INTO THIS AGREEMENT KNOWINGLY AND**
2  **VOLUNTARILY AS AN ACT OF MY OWN FREE WILL AND HAVE NOT**
3  **RELIED UPON ANY OTHER REPRESENTATION OR STATEMENT,**
4  **WRITTEN OR ORAL. I HAVE HAD AN OPPORTUNITY TO CONSULT**
5  **WITH AN ATTORNEY AND, IF NECESSARY, WITH OTHER PERSONAL**
6  **ADVISORS OF MY CHOOSING, PRIOR TO EXECUTING THIS**
7  **AGREEMENT AND WAIVING ANY AND ALL CLAIMS, AND I HAVE**
8  **HAD SUFFICIENT TIME AND OPPORTUNITY TO DO SO.**
9
10  IN WITNESS WHEREOF, the undersigned have executed this Settlement
11  Agreement and Release consisting of seven (7) pages effective November _15_
12  _____, 2014.
13
14

15  **ACCEPTED AND AGREED BY SHATRAILA JACKSON**

16  By:  _Shatralia Jackson_
17  Shatraila Jackson
18
19  Sworn and subscribed
20  before me this ___19th___ day
21  of November, 2014
22
23  _Jessie Smith_____  My commission expires _6/20/2017_.
24  Notary Public
25

26  **ACCEPTED AND AGREED BY DANIELA THOMAS**

27  By:  _D. Terry_
28  Daniela Thomas
29
30  Sworn and subscribed
31  before me this ___20th___ day
32  of November, 2014
33
34  _Jessie Smith_____  My commission expires _6/20/2017_.

- 8 -

.

1    Notary Public

1

2 **ACCEPTED AND AGREED BY BRENDA MATHIS**

3 By: _Brenda Mathis_

4 Brenda Mathis

5

6 Sworn and subscribed

7 before me this ___19th___ day

8 of November, 2014

9

10 _____ My commission expires __6|20|2017__ .

11 Notary Public

12

13 **ACCEPTED AND AGREED BY NIKOLAS DINER, INC.**

14

15 **NIKOLAS DINER, INC.**

16

17 By: _____

18

19

20 Date: _____

21

22

23 Its Principal

24

25

26

27

28

1

**EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **SHATRAILA JACKSON, DANIELA THOMAS and BRENDA MATHIS,** | : | |
| | : | **Civil Action Number:** |
| **Plaintiffs,** | : | |
| | : | **1:13-cv-03555-WSD** |
| **vs.** | : | |
| | : | |
| **NIKOLAS DINER, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Parties, by and through their undersigned counsel of record, hereby stipulate and agree to the dismissal with prejudice of the above-captioned action. Except as otherwise agreed between the parties, each party shall bear its own attorneys' fees and costs.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC**

*s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

*s/ Charles R. Bridgers*
Charles R. Bridgers

**FORD HARRISON, LLP**

*s/ Christopher P. Butler*
Christopher P. Butler
Georgia Bar No. 099522

*s/ Heath H. Edwards*

- 1 -

Georgia Bar No. 080791

3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

COUNSEL FOR PLAINTIFFS

Heath H. Edwards
Georgia Bar No. 258068

271 17th Street, NW
Suite 1900
Atlanta, Georgia 30363
(404)888-3800
(404)888-3863 (facsimile)
cbutler@fordharrison.com
hedwards@fordharrison.com

COUNSEL FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **SHATRAILA JACKSON, DANIELA THOMAS and BRENDA MATHIS,** | : | |
| | : | **Civil Action Number:** |
| **Plaintiffs,** | : | |
| | : | **1:13-cv-03555-WSD** |
| **vs.** | : | |
| | : | |
| **NIKOLAS DINER, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on _____ ___, 20__, I electronically filed a true and correct copy of the parties' **STIPULATION OF DISMISSAL WITH PREJUDICE** with the Clerk of Court using the CM/EMF system which will automatically send email notification of such filing, constituting service, to the following attorneys of record:

Christopher P. Butler
Heath H. Edwards

**DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC**

<u>s/ Kevin D. Fitzpatrick, Jr.</u>
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375
Counsel for Plaintiffs

3

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia  30303
(770) 979-3150
(770) 979-3170 (Fax)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com
WSACTIVELLP:7132442.1